CAUSE NO.  CC-22-02186-A

| | | |
|---|---|---|
| **LUCAS HORTON,** § | | **IN THE DALLAS COUNTY** |
| **Plaintiff,** § | | |
| § | | **COURT AT LAW NO 5** |
| v. § | | |
| § | | **DALLAS, TEXAS** |
| **BENEFYTT TECHNOLOGIES, INC.,** § | | |
| **DBA MYBENEFITSKEEPER, & RX** § | | |
| **HELPLINE, LLC,** § | | |
| **Defendants** § | | |

**AMENDED COMPLAINT**

Plaintiff Lucas Horton ("Plaintiff") brings this Complaint against Benefytt Technologies, Inc., DBA MyBenefitsKeeper ("MBK" and RX Helpline, LLC ("Defendants") for three reasons.  First is the practice of making telephone solicitations to consumers without the required registration certificate to do so. Second is the Defendants' practice of placing telemarketing calls placed to consumers on the National Do Not Call List using an artificial and/or prerecorded voice. Third is to obtain damages and other redress caused by Defendants' conduct.  Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief.

**JURISDICTION & VENUE**

The Court has subject matter jurisdiction over this action pursuant Texas Business and Commerce Code 305.053 ("TX 305") and 28 U.S.C. § 1331, as the main action arises under the Telephone Consumer Protection Act 47 U.S.C. § 227(b)(1)(A), and 47 U.S.C. § 227(b)(1)(A)(iii)

('TCPA'), both of which provide for separate private rights of action.   Plaintiff also makes claims under Texas Business & Commerce Code 302.101  ("TX 302") and  § 64.1200(d).

## PARTIES

Plaintiff is an individual who resides in Dallas County, Texas. Benefytt Technologies is a corporation incorporated and existing under the laws of the State of Florida whose primary place of business and corporate headquarters is located at 3450 Buschwood Park Drive Suite 200, Tampa, FL 33618. RX Helpline, LLC is a corporation incorporated and existing under the laws of the State of Florida whose primary place of business and corporate headquarters is located at 3450 Buschwood Park DR Ste 201, Tampa, FL, FL 33618.

## FACTS

1. Tx 302 states that, "A seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." " A person who violates this chapter is subject to a civil penalty of not more than $5000 for each violation." *Id. § 302.302.*

2. Tx 305 states that,  "Sec. 305.053. CIVIL ACTION. (a) A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for: $500 for each violation; or… If the court finds that the defendant committed the violation knowingly or intentionally, the court may increase the

amount of the award of damages under Subsection (b) to not more than the greater of: $1,500 for each violation;".

3. 47 U.S.C. § 227(b)(1)(A)(iii) states that, "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States— to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States."

4. 47 U.S.C. § 227(b)(1)(A) states that, "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States - to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party.

5. 47 CFR 64.1200(d)(1) requires that Defendants have a written telemarketing policy.

6. 47 CFR 64.1200(d)(2) requires that Defendants train their personnel engaged in telemarketing on the written policy and the existence of the Do Not Call Policy.

7. Plaintiff is the owner and customary user of a cellphone number ending in 3341.

8. At no time did Plaintiff ever provide his cellphone number to Defendants or provide Defendants, or any of Defendants' agents or contractors, with any kind of written or verbal

prior express consent to call.

9. Prior to receiving the above-referenced calls, Plaintiff had no relationship with Defendants, had never provided his telephone number directly to Defendants, and had never requested that Defendants place calls to him or to offer him any services.

10. Plaintiff was called by (779)-680-8982 on 8/29/2019, by (737) 238-2962 on 9/18/2019, and by (925)-239-0571 on 10/4/2019. All calls featured a pre-recorded message offering health insurance from a bogus company. When Plaintiff was called by (888)-636-3834 on 10/14, he pressed 2 to speak to an operator. When the operator would not give him the name of the company he was calling on behalf of, the Plaintiff completed a dummy sale in order to identify who was behind the calls and purchased an insurance plan with member ID of INA48897800.

11. On Oct 14, 2019, Plaintiff made a payment of $387.81 with his credit card to MyBenefitsKeeper when the policy was purchased. $19.00 of that went to RX Helpline.

12. Benefytt Technologies, formerly Health Insurance Innovations, has been named as a defendant in no less than five lawsuits for violating the TCPA, many of them class actions. They also have a track record of fraud violations and general disregard for the law. As such treble damages are more than appropriate.

**COMMON FACTUAL ALLEGATIONS**

13. Defendants and/or its proxies place unwanted telemarketing calls to solicit consumers to purchase health insurance that they are party to.

14. All of the calls at issue were made on behalf of, for the benefit of, with the knowledge and

with the approval of the Defendants.

*15.* Rather than adhere to the requisite rules regarding obtaining consent prior to engaging in telemarketing and abstaining from the use of pre-recorded messages, Defendants (or a third-party acting on their behalf and for their benefit) repeatedly place calls to consumers who have never provided consent (either orally or in writing) to receive such calls. By placing the calls without first obtaining prior express written consent with pre-recorded messages, Defendants plainly violate of the TCPA, 47 U.S.C. § 227, *et seq,* Tx 305 and Tx 302.

16. By making unauthorized telemarketing call, Defendants have caused the Plaintiff actual harm. This includes loss of productivity, the aggravation, nuisance and invasions of privacy that result from the receipt of such calls.  This is in addition to the wear and tear on his telephone, consumption of battery life, lost ability to place outgoing calls or texts and other interruption in use, cellular minutes, loss of value realized for the monies he paid to his carrier for the receipt of such calls, and other diminished use, enjoyment, value, and utility of their cellphones and cellphone plans. Robocalls take actual time to deal with and lost time is a real injury. Plaintiff is a custom jeweler and many time the phone rings while he is designing a piece of jewelry. Not only is this annoying. But many times, he will lose where he is in the design as he must let go of his mouse. He also loses his track of thinking.

17. Furthermore, Defendants (or a third-party acting on their behalf and for their benefit) made the calls knowing that the calls trespassed against and interfered with Plaintiff's use and enjoyment of, the ability to access his telephone, including the related data, software, applications, and hardware components. As such, Defendants not only invaded the personal privacy of Plaintiff, they also intentionally, repeatedly, and willfully violated the TCPA.

Benefytt is especially guilty of this as they have been involved in so many lawsuits. It probably prompted the name change from Health Insurance Innovations as it had become so tainted and had become synonymous with both robocalls and fraud.

18. The calls were made by or on Defendants' behalf and with their knowledge and approval.

19. Defendant's knew about the calls, received the benefits of the calls, directed that the calls be made, and ratified the making of the calls.

20. In response to Defendant's unlawful conduct, Plaintiff files the lawsuit and seeks an injunction requiring Defendant and its proxies to cease all unsolicited telephone calling activities to consumers as complained of herein and an award of statutory damages to the Plaintiff, together with costs, and pre- and post-judgment interest.

### FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227(b)(1)(A)
### Telephone Consumer Protection Act

Plaintiff incorporates the foregoing allegations as if fully set forth herein. Using an ATDS, the Defendant, or its proxy, called the Plaintiff using an ATDS with the Defendant's consent, knowledge, and for its benefit without having any consent to do so. The calls were made for the express purpose of selling shoddy insurance plans that they financially benefit from. As a result of the damages suffered by the Plaintiff, he is entitled to recover $500 in a civil fine for the offense. However, in light of Defendant's legal history of TCPA complaints and the willful nature of the offense , treble damages of $1500 are more than appropriate under 47 U.S.C. § 227(b)(3)(C) for willful and/or knowing conduct.

### SECOND CAUSE OF ACTION
### Violation of 47 U.S.C.. § 227(b)(1)(A)(iii)
### Telephone Consumer Protection Act

Plaintiff incorporates the foregoing allegations as if fully set forth herein.  The Plaintiff has been on the National Do Not Call List Since December of 2011 because he does not want to be called or texted by entities who do not have his permission.  As a result of the damages suffered by the Plaintiff, he is entitled to recover $500 in a civil fine for each offense.  However, in light of Defendant's legal history of TCPA complaints and the willful nature of the offense, treble damages of $1500 are more than appropriate.

### THIRD CAUSE OF ACTION
### Violation of § 64.1200(d)(1)
### Failure to Maintain Written Telemarketing Policy

Plaintiff incorporates the foregoing allegations as if fully set forth herein.  47 CFR 64.1200(d)(1) requires that the Defendant have a written telemarketing policy.  Defendant does not and obviously does not think the TCPA applies to them. Plaintiff is entitled to an award of at least $500 in damages for each such violation under 47 U.S.C. § 227(c)(5)(B).  However, in light of Defendant's legal history of TCPA complaints and the willful nature of the offense, treble damages of $1500 are more than appropriate.

### FOURTH CAUSE OF ACTION
### Violation of TX 305
### Texas State TCPA Law

Texas Business and Commerce Code § 305.053 creates a right of action for "a person who receives a communication that violates [the TCPA as codified at] 47 U.S.C. Section 227 [or] a regulation adopted under that provision ... against the person who originates the communication .... " Tex. Bus. & Com. Code § 305.053(a).  Therefore, the elements of a § 305.053 claim "correspond to the necessary elements for a TCPA claim." Callier v. GreenSky, Inc., No. EP-20-CV-00304-KC, 2021 U.S. Dist. LEXIS 126769, 2021 WL 2688622, at

*6 (W.D. Tex. May 10, 2021).  Plaintiff is entitled to an award of $500 in damages for each violation under § 305.053(b)(1).  Plaintiff also requests the Court award treble damages of $1500 based on Defendants' knowing and/or intentional violations under §305.053(c)(1) and their proven track record of TCPA violations. Plaintiff again seeks a permanent injunction requiring Defendants to cease placing illegal telemarketing calls.

### FIFTH CAUSE OF ACTION
### Violation of 47 CFR § 64.1200(d)(4)
### Failure to Provide Identifying Information

Plaintiff incorporates the foregoing allegations as if fully set forth herein.  47 CFR 64.1200(d)(4) requires that Defendants provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. Defendants did not fulfill this requirement, which was why the Plaintiff had to purchase the policy to identify who was behind the calls.  resulting in violations against Plaintiff. Plaintiff is entitled to an award of $500-1500 in damages for each violation. 47 U.S.C. § 227(c)(5)(B). Plaintiff seeks treble damages of $1500 per call as the Defendant has a proven track record of TCPA violations. Plaintiff also seeks a permanent injunction requiring Defendants to provide their identifying information when making telemarketing calls.

### SIXTH CAUSE OF ACTION
### Violation of § 64.1200(d)(1)
### Failure to Train Telemarketing Personnel

Plaintiff incorporates the foregoing allegations as if fully set forth herein.  47 CFR 64.1200(d)(2) requires that Defendants train their personnel engaged in telemarketing on

the written policy and the existence of the Do Not Call Policy. Defendants did not do so, resulting in violations against Plaintiff. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B). However, in light of Defendant's legal history of TCPA complaints and the willful nature of the offense, treble damages of $1500 are more than appropriate.

Dated: 8/10/2022     Respectfully submitted,

_____

Lucas Horton
lukeduke365@yahoo.com
1202 Stratford Dr
Richardson, TX 75080
Tel: (214) 909-3341